## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

SHARI L.,

                                        Plaintiff,

            v.                                      1:19-CV-851
                                                    (ATB)

ANDREW SAUL,

                                        Defendant.

SHARI L., Plaintiff pro se
JAMES DESIR, Special Asst. U.S. Attorney, for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

### MEMORANDUM-DECISION AND ORDER

This matter was referred to me, for all proceedings and entry of a final judgment,

pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in

accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y.

Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 3,4).

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on

September 13, 2016, alleging disability beginning December 11, 2009. (Administrative

Transcript ("T.") 84, 176-179).  Her application was initially denied on December 28,

2016. (T. 84, 109-12).  Plaintiff made a timely request for a hearing, which was held on

October 2, 2018 before Administrative Law Judge ("ALJ") Michael J. Stacchini. (T. 35-

82).  On December 12, 2018, ALJ Stacchini issued an unfavorable decision. (T. 20-28).

On February 14, 2019, plaintiff prepared a request for review of hearing

decision/order form.  (T.  9-16).  In the form, plaintiff requested an extension of time to

submit evidence or argument.  (T. 9).  She also attached a seven page appeal statement.  (T. 10-16).  The request for review is stamped as received by the Appeals Council ("AC") on February 21, 2019.  (T. 9).

On February 25, 2019, the AC responded in writing to plaintiff's request.  (T. 7-8).  In its correspondence, the AC "granted [plaintiff's] request for more time" before acting on plaintiff's case.  (T. 7).  The AC further explained that plaintiff could send a statement, or other additional evidence, in support of her appeal.  (*Id.*).   In addition, the AC explicitly indicated that its correspondence was "not a finding of good cause for late filing" of plaintiff's request for review; that subject would be addressed in a separate notice.  (*Id.*).

On March 11, 2019, the AC issued separate correspondence to plaintiff in which it determined that plaintiff's request for review was filed late.  (T. 5).  Accordingly, the AC granted plaintiff an additional 30 days to submit a statement and any evidence "showing the reason why [plaintiff] did not file the request for review within 60 days." (*Id.*).  If plaintiff could show that she had a good reason for filing late, the AC would extend the time period and find that her appeal was timely.  (*Id.*).

Based on the evidence contained in the administrative record, plaintiff did not respond to the AC's March 11, 2019 correspondence within the prescribed 30 days.  On May 21, 2019, having still received no response from the plaintiff, the AC dismissed plaintiff's request for review based on a lack of good cause to extend the time for filing. (T. 1-4).  Accordingly, the ALJ's decision constituted the final decision of the Commissioner.  (T. 3).

2

## DISCUSSION

## II.   DISMISSAL OF APPEALS COUNCIL REVIEW

### A.   Legal Standards

A claimant may request review by the Appeals Council of an ALJ's decision on the merits.  20 C.F.R. §§ 404.967–404.981.  In order to do so, the claimant must file a written request for review within 60 days after receiving notice of the ALJ's decision, unless the Appeals Council extends the deadline for good cause.  *Id.* at § 404.968.  The agency considers a claimant to have received notice of the ALJ's decision five days after the date on the notice, unless the claimant can show that he or she did not receive it within the five-day period.  *Id.* at § 404.901.  If a claimant does not file the request for review within the stated period, and the Appeals Council does not extend the time for filing for good cause, the Appeals Council will dismiss the request for review.  *Id.* at § 404.971.

For some time, the circuits were split regarding whether an Appeals Council's dismissal of an untimely request for review was subject to judicial review in federal court, with the Second Circuit taking the position that no subject matter jurisdiction existed under such circumstances.  *See Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d. Cir. 1983) ("The Appeals Council may dismiss an untimely request for review, and such a dismissal is not reviewable by the district court because it is not a 'final decision' within the meaning of 42 U.S.C. § 405(g)."); *Walrath v. Comm'r of Social Sec.*, No. 5:06-CV-367 (RFT), 2009 WL 236062, at *3 (N.D.N.Y. Jan. 30, 2009) ("In this Circuit, it is generally accepted that the Appeals Council's dismissal of a request

for review as untimely and the refusal to extend the time to request review are not 'final decisions' and therefore are not subject to judicial scrutiny."); *cf. Bloodsworth v. Heckler,* 703 F.2d 1233, 1237 (11th Cir. 1983) ("[A]n Appeals Council review determination, on whatever grounds, is perceived as the appropriately 'final decision' from which to take an appeal to the district court under section 405(g)."). Recently, the Supreme Court resolved this dispute by holding that the Appeals Council's dismissal of a claimant's untimely request for review of an ALJ's decision is a "final decision . . . made after a hearing" as defined in § 405(g) and is, therefore, subject to judicial review. *Smith v. Berryhill*, __ U.S. __, 139 S.Ct. 1765, 1771 (2019).

"When considering whether the Appeals Council erred in dismissing a claimant's request for review, the standard of review 'as to [an] overall conclusion [by the Commissioner] . . . is abuse of discretion, and substantial evidence as to any fact.'" *Jacqueline E. v. Saul*, No. 1:17-CV-414, 2020 WL 1234949, at *4 (W.D.N.Y. Mar. 13, 2020) (quoting *Smith v. Berryhill,* 139 S. Ct. at 1779 n.19); *see also Walker v. Comm'r of Social Sec.*, No. 6:12-CV-1025, 2013 WL 3833199, at *3 (M.D. Fla. July 23, 2013) ("In conducting a review of the Appeals Council's decision, the Court considers whether the Appeal's Council's decision that claimant did not demonstrate good cause for an untimely request for review is arbitrary or capricious, *i.e.* whether the Appeals Council abused its discretion.") (citation omitted). "Even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Steven N. v. Berryhill*, No. 1:16-CV-427,

2018 WL 6629681, at *10 (D. Vt. Dec. 19, 2018) (citing 42 U.S.C. § 405(g)).

"In an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith v. Berryhill*, 139 S. Ct. at 1780 (footnote omitted). Thus, a court's determination that the Appeals Council abused its discretion in dismissing plaintiff's request for review as untimely should generally result in a remand order directing the Appeals Council to address the underlying merits of a claimant's appeal. *See id.* at 1779 ("[A] federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.") (footnote omitted).

**B.    Application**

The issue in this case is whether the AC abused its discretion when, based on plaintiff's failure to timely file her request for review and/or provide good reason for her late filing, it dismissed plaintiff's appeal and upheld the ALJ's decision as the final decision of the Commissioner. As previously discussed, the regulations generally provide that a claimant must file his or her request for review within a total of 65 days after the date of the notice of the ALJ's decision. The parties concede that plaintiff's deadline to file her request for review was February 15, 2019. (Plaintiff's Brief ("Pl.'s Br.") at 14) (Dkt. No. 10). In determining when plaintiff's request for review should have been considered "filed," both parties refer to the SSA Hearings, Appeals and Litigation Law Manual ("HALLEX").[1] The HALLEX provides, in relevant part:

---

[1] A separate question exists as to whether the HALLEX manual is binding in this matter. *See Dority v. Comm'r of Soc. Sec.*, No. 7:14–CV–00285 (GTS/WBC); 2015 WL 5919947, at *5 (N.D.N.Y.

Ordinarily, the AC considers a request for review filed as of the date it is received in any Social Security Administration (SSA) office. If the 60-day time period for filing a request for review ends on a Saturday, Sunday, Federal holiday, or other non-work day for Federal employees, the AC extends the time for filing to the next full workday. The AC also accepts as the date of filing:

The U.S. Postal Service stamp cancellation or "postmark" date on the envelope in which the request is mailed, if using the date of receipt would result in the loss of the claimant's rights. If the postmark is unreadable or there is no postmark, the AC considers the request timely filed if received by the 70th day after the date on the notice of the ALJ's decision or dismissal. The AC will also consider other evidence of when the individual mailed the request for review[.]

HALLEX I-3-1-1(D).

The parties dispute when plaintiff's request for review was filed. Plaintiff argues that per the HALLEX guidelines, her request for review was timely. Specifically, plaintiff contends that because her request for review was "postmarked" February 14, 2019, and confirmed as delivered on February 19, 2019, it was timely filed. (Pl.'s Br. at 14). In support of her argument, plaintiff has attached to her brief a copy of a Federal Express ("FedEx") receipt dated February 14, 2019, indicating a parcel was sent to the

---

Oct. 9, 2015) (discussing other court's findings that "Hallex policies are not regulations and therefore not deserving of controlling weight," while conceding that "an administrative agency is required to follow its own internal policies when they accord with or are more demanding than the statute or its regulations."). Although the Second Circuit has not specifically ruled on this issue, it continues to rely on HALLEX policies to determine whether substantial evidence supports the Commissioner's underlying decision, and whether the Commissioner applied the correct legal standards. *See Miller v. Comm'r of Soc. Sec. Admin.*, 784 Fed. App'x 837, 838 (2d Cir. 2019) (determining that claimant did not show "good cause" under any of the rationales listed in the HALLEX for failing to appear at the time and place of her scheduled hearing).

AC with an expected delivery date of February 18, 2019. (Dkt. No. 10 at 25). Plaintiff has also submitted a copy of a delivery confirmation, indicating the same parcel was delivered to its intended destination on February 19, 2019. (*Id.* at 26). Presumably, plaintiff relies on these documents as proof of the date she mailed her request for review, which the HALLEX describes as an alternative method in determining a filing date.

Defendant argues that plaintiff's submission to the AC did not constitute a timely filed request for review, and her failure to provide good cause for her late filing was a sufficient basis on which to dismiss her request for review. (Defendant's Brief ("Def.'s Br.") at 4-6). As further set forth below, the court agrees that the AC did not abuse its discretion in dismissing plaintiff's request for review.

The record shows that plaintiff's request for review was physically received by the AC on February 21, 2019. (T. 9). Relying on this fact, the AC properly concluded that plaintiff's request for review was untimely, as it was received outside of the 65 day deadline (February 15, 2019).[2] Consequently, the AC notified plaintiff of her late filing, and specifically directed her to send a statement and *any evidence* "about why [she] did not file the appeal on time." (T. 5). Plaintiff was afforded 30 days to send

---

[2] Even if the AC had considered the HALLEX's other acceptable methods for determining the date of filing, there is no evidence that the AC was in possession of a "postmarked" envelope identifying the date the request for review was mailed. Plaintiff also failed to satisfy the alternative 70-day deadline (February 20, 2019). Thus, the AC did not err in concluding that plaintiff's request for review was filed late, based on the evidence before it.

The court further rejects plaintiff's suggestion that her deadline to file was affected by any interim weekends and/or holidays. (Pl.'s Br. at 14). The February 15, 2019 deadline fell on a Friday. Moreover, it did not fall on a holiday, which would render any extension to the next business day appropriate.

additional information to the AC to support her explanation.  (*Id.*).

Despite plaintiff's opportunity to provide the AC with additional evidence that her request for review was timely filed, such as the FedEx receipts, plaintiff failed to respond to the AC's notice for over two months.  In the absence of any further explanation or supporting evidence providing "good cause" for plaintiff's late filing, the AC dismissed plaintiff's appeal on May 21, 2019.  (T. 3).  It was clearly within the AC's discretion to dismiss plaintiff's request for review based on such circumstances. *See* 20 C.F.R. § 404.971 ("The Appeals Council will dismiss your request for review if you did not file your request within the stated period of time and the time for filing has not been extended.").

Plaintiff does not dispute that she failed to timely[3] submit any evidence to the AC proving that she filed her request for review within the regulatory deadline.  Moreover, she submits no explanation to this court for her failure to do so.  Thus, the court can find no obvious injustice or extraordinary circumstance that would justify its consideration of the FedEx receipts for the first time on appeal.  *See Buhannic v. TradingScreen, Inc.*, 779 Fed. App'x 52, 53 (2d Cir. 2019) (We "will not consider new evidence [presented for the first time on appeal] absent extraordinary circumstances.") (citation omitted); *see also Matos v. Comm'r of Social Sec.,* 618 Fed. App'x 14, 15 (2d

---

[3] Attached to plaintiff's brief is a June 14, 2019 correspondence to the AC forwarding copies of the FedEx receipts.  (Pl.'s Br. at 24).  This letter, prepared outside the 30 day deadline and almost a month after the AC dismissed plaintiff's case, does not affect the court's ultimate finding in this matter. There remains no explanation for why plaintiff failed to timely submit such evidence to the AC within 30 days of its March 11, 2019 notice, and the AC did not abuse its discretion in dismissing plaintiff's request for review under the circumstances.  *See* 20 C.F.R. § 416.1472 (dismissals are "binding and not subject to further review" by the SSA).

Cir. 2015).  This court declines to find that the AC abused its discretion by failing to consider evidence not properly before it, especially considering plaintiff's undisputed opportunity to resolve the issue prior to dismissal.

Thus, because the AC's decision "is supported by substantial evidence, applied the correct legal standard, and was not an abuse of discretion, it should not be disturbed." *Jacqueline E. v. Saul*, 2020 WL 1234949 at *5 (AC did not abuse discretion in dismissing plaintiff's request for review where she was presented with an opportunity to provide good cause for her untimely filing but failed to do so); *see also Walker v. Comm'r of Soc. Sec.*, 2013 WL 3833199 at *4–6 (AC did not abuse its discretion in finding plaintiff had not submitted evidence that she filed the request for review before the 60 day deadline, where evidence in the record failed to support plaintiff's contentions to the contrary).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the decision of the Commissioner is **AFFIRMED** and this case **DISMISSED**, and it is

**ORDERED**, that the Clerk enter judgment for **DEFENDANT**.

Dated:   July 14, 2020

Andrew T. Baxter
U.S. Magistrate Judge