UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHARI M. L.,

                      Plaintiff,

   v.                                                 No. 1:19-CV-00851

COMMISSIONER OF SOCIAL SECURITY,        (PJE)

                      Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

Shari M. L.
8 Berry Road
Marlborough, New York 12542
Plaintiff pro se

Social Security Administration            KRISTIAN D. COHN, ESQ.
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
Attorneys for defendant

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## DECISION & ORDER

     On December 12, 2018, the Commissioner issued a decision determining that plaintiff is not disabled.  *See* Dkt. No. 7-2 at 18-28.  On February 21, 2019, plaintiff sought Appeals Council review, and on May 21, 2019, the Appeals Council denied her request as untimely for failing to file her request within sixty days of receipt of the decision or providing a statement as to why she did not timely appeal.  *See* Dkt. No. 1 at 7-10.  Plaintiff commended this action on July 17, 2019.  *See* Dkt. No. 1.  On July 14, 2020, the Court found that the Commissioner did not abuse his discretion in dismissing

1

plaintiff's request for review as untimely. See Dkt. Nos. 13, 14. On July 31, 2020, plaintiff appealed to the Second Circuit. See Dkt. Nos. 15-16. On April 18, 2021, and April 28, 2021, the Second Circuit remanded the matter to this Court, instructing the Court to remand to the agency in order to consider new evidence relating to the timeliness of plaintiff's administrative appeal. Dkt. No. 20, 22. On April 29, 2021, pursuant to the Second Circuit's directive, the Court remanded this action to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). See Dkt. Nos. 21, 23.

On May 6, 2024, the Appeals Council set aside its earlier dismissal and considered plaintiff's request for review to be timely, and, after considering additional evidence, denied plaintiff's request for review on the merits. See Dkt. No. 25-1. The Appeals Council determined that plaintiff failed to show that the evidence from the relevant was reasonably probable to change the outcome of the decision and that the remaining evidence did not relate to the time period in question. See id. The Appeals Council's denial of the request for review rendered the ALJ's December 12, 2018, denial of benefits final. Plaintiff did not take any action following the May 6, 2024, Appeals Council denial.

On September 13, 2024, the Commissioner contacted Plaintiff to inquire if she wished to continue with this claim. As of this date, the agency has not received any indication that Plaintiff wishes to continue this claim, and Plaintiff did not respond to the Commissioner's outreach." Dkt. No. 25 at 3.

On April 7, 2025, defendant requested that this case be reopened to resolve this Court's sentence six jurisdiction, and upon reopening, sought this Court to dismiss the

action.  *See* Dkt. No. 25.  Therein, defendant notes that the proceedings on remand have concluded and that plaintiff has not responded to his efforts to contact her. Defendant served this motion upon plaintiff.  *See* Dkt. Nos. 27, 28.  Plaintiff failed to respond.

On November 5, 2025, the Court issued a text order *sua sponte* granting plaintiff thirty days to inform the Court, in writing, whether she intended to pursue this action and advising her that her failure to comply will result in dismissal of the action.  *See* Dkt. No. 29.  Despite the passage of two months since the Court's issuance of this text order, plaintiff has failed to respond.

In response to defendant's informal efforts to contact plaintiff in September 2025, the defendant's Motion to Dismiss served on plaintiff in April 2025, and this Court's November 2025 text order granting an extension of time and clearly advising plaintiff that her failure to comply with the text order will result in the dismissal of her case, plaintiff made no efforts to contact the Court or pursue this case in any form.  In a Social Security appeal pursuant to sentence six, the district court retains jurisdiction over the case until completion of the administrative proceedings on remand.  Those administrative proceedings are now completed, defendant has filed the Appeals Council denial, and plaintiff has not indicated any intent to pursue an appeal of the Appeals Council's denial or this action.

Accordingly, for the reasons set forth in defendant's Motion to Dismiss and pursuant to this Court's November 5, 2025, Text Order, it is hereby

**ORDERED**, that defendant's Motion to Dismiss following remand pursuant to sentence six of 42 U.S.C. § 405(g), Dkt. No. 25, is **GRANTED**, this matter is reopened

3

and **DISMISSED**, *see* 42 U.S.C. §§ 205(g), 405(g), and Judgment is to be separately entered in favor of defendant, it is further

**ORDERED**, that this Decision & Order be served on parties pursuant to the Local Rules.

**IT IS SO ORDERED**.

Dated: January 5, 2026
      Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge